[No. B133074. Second Dist., Div. Two. Dec. 29, 1999.]

KAREN EVENS et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LOS ANGELES UNIFIED SCHOOL DISTRICT et al., Real Parties in
Interest.

## COUNSEL

Lawrence B. Trygstad and Richard J. Schwab for Petitioner.

No appearance for Respondent.

Gregory L. McNair for Real Parties in Interest.

## Opinion

**BOREN, P. J.**—Petitioners, Karen Evens and United Teachers of Los Angeles (United Teachers), seek a writ of mandate ·directing the superior court to set aside its order denying their motion to enjoin the use of an illegally produced videotape recording by real parties, the Los Angeles Unified School District (District) and the Board of Education of the Los Angeles Unified School District (Board).

### I. FACTUAL AND PROCEDURAL HISTORY

Karen Evens is a teacher assigned to Grant High School. United Teachers is an employee organization and is the exclusive representative for almost all certificated nonmanagement employees at the District.

On May 7, 1999, two students in Evens's science class surreptitiously videotape-recorded her class. This action violated Education Code section 51512 (Section 51512) which specifically prohibits such an act.

The students delivered the videotape to the Board and District. Evens and United Teachers immediately contacted the Board and District demanding that they not view or rely upon the illegally recorded tape. The Board and District agreed not to view the tape until a judicial determination could be made as to whether the tape could lawfully be reviewed. The students involved in the illegal videotaping were suspended from school.

Evens and United Teachers filed a complaint for declaratory relief seeking a judicial determination that Section 51512 prohibits the Board and District from viewing, showing and distributing the videotape. Evens and United Teachers also sought an injunction prohibiting the Board and District from viewing, showing or distributing the videotape, and an order directing the destruction of the videotape.

On June 25, 1999, the superior court denied the request for a preliminary injunction. In its order, the court ruled that the Board and District were allowed to view the videotape. The court made no ruling as to what use, if any, could be made of the videotape. This petition followed.

### II. CONTENTIONS

Evens and United Teachers contend that "[S]ection 51512 and Penal Code section 632 read together mandate that evidence obtained as a result of

unconsented recordings is a violation of California's privacy act and not admissible" in any disciplinary action which may be brought against Evens, and that "California's privacy laws prohibit . . . reliance upon illegal and unconsented recordings."

## III. DISCUSSION

A. *Section 51512 and Penal Code section 632, read together, do not prohibit the use of videotape recordings obtained in violation of Section 51512 from being used in disciplinary proceedings.*

Section 51512 provides as follows: "The Legislature finds that the use by any person, including a pupil, of any electronic listening or recording device in any classroom of the elementary and secondary schools without the prior consent of the teacher and the principal of the school given to promote an educational purpose disrupts and impairs the teaching process and discipline in the elementary and secondary schools, and such use is prohibited. Any person other than a pupil, who willfully violates this section shall be guilty of a misdemeanor. [¶] Any pupil violating this section shall be subject to appropriate disciplinary action. [¶] This section shall not be construed as affecting the powers, rights and liabilities arising from the use of electronic listening or recording devices as provided for by any other provision of law."

A review of Section 51512 shows that it provides sanctions against violators but does not specifically prohibit entities such as the Board and District from using videotape recordings made by students in violation of the statute in disciplinary actions. As noted above, Section 51512 contains the following language: "This section shall not be construed as affecting the powers, rights and liabilities arising from the use of electronic listening or recording devices as provided for by any other provision of law." The question is whether the phrase "any other provision of law" acts to prohibit the use of the videotape recording in a disciplinary action. Evens and United Teachers claim that Penal Code section 632 prohibits such use. We disagree.

Penal Code section 632, subdivision (d) provides that "[e]xcept as proof in an action or prosecution for violation of this section, no evidence obtained as a result of eavesdropping upon or recording a *confidential communication* in violation of this section shall be admissible in any judicial, administrative, legislative, or other proceeding." (Italics added.) The videotape recording at

issue here was made in a public classroom, and is clearly not the type of "confidential communication" contemplated by section 632.[1]

B. *California's privacy laws do not prohibit the use of the illegally obtained videotape recording.*

Evens and United Teachers cite *Coulter v. Bank of America* (1994) 28 Cal.App.4th 923 [33 Cal.Rptr.2d 766] in support of their theory that California's privacy laws prohibit the use of the videotape recordings. In that case, the court stated as follows: "In 1967, the Legislature adopted the Privacy Act because *it perceived that* '. . . advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society.' . . . [¶] . . . A 'confidential communication' is one 'carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto . . . .' " (*Id.* at p. 928.)

Evens and United Teachers argue that Evens "had every expectation, especially because of Education Code section 51512, that her communications and activities would be confined to the classroom and not be subject to public dissemination." Any such expectation was, we believe, unreasonable. Communications and activities on the part of a teacher will virtually never be confined to the classroom. Students will, and usually do, discuss a teacher's communications and activities with their parents, other students, other teachers, and administrators. This is especially true when a student believes that the teacher is guilty of misconduct. A teacher must always expect "public dissemination" of his or her classroom "communications and activities." We conclude, therefore, that California's privacy laws do not apply under the circumstances of this case.

---

[1]Penal Code section 632, subdivision (c) provides that "[t]he term 'confidential communication' includes any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering or in any legislative, judicial, executive or administrative proceeding open to the public, or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded."

## C. *Section 51512 does not imply an exclusionary rule.*

In enacting Section 51512, the Legislature found "that the use by any person, including a pupil, of any electronic listening or recording device in any classroom of the elementary and secondary schools without the prior consent of the teacher and the principal of the school given to promote an educational purpose disrupts and impairs the teaching process and discipline in the elementary and secondary schools . . ."

Evens and United Teachers argue that unless the Board and District are prohibited from viewing the videotape they will accomplish "through the back door what they could not do through the front." To allow the Board and District to view the videotape would, according to Evens and United Teachers create a dangerous precedent since it would encourage "students or other individuals who may have political or other petty differences with teachers to secretly record them." Evens and United Teachers conclude that it is "up to the courts to make sure that violators of laws do not get rewarded for their anti-social practices by giving them a forum for individuals to view their tapes." The problem, of course, is that the Legislature has spoken. Section 51512 simply states that *use* of an electronic listening or recording device *in a classroom* is disruptive and impairs the teaching process and discipline in schools. Section 51512 does not state, nor does it imply, that videotapes such as the one made here cannot be used by school officials in reviewing whether a teacher should be disciplined.[2] To the extent Evens and United Teachers contend that Section 51512 should be amended to specifically make such a statement, this is a matter best taken up with the Legislature.[3]

---

[2]The Board and District contend they would be prevented from performing their statutory duty under the Education Code to investigate and possibly discipline Evens should access to the videotape recording be denied. Given our conclusion that Section 51512 does not prohibit the Board and District from viewing the videotape made by Evens's students, we need not decide this issue. We note, however, that the Board and District do not claim, nor could they, that they cannot conduct an investigation into any complaints made by Evens's students, their parents or the public concerning any alleged misconduct on the part of Evens. Complainants and witnesses can be questioned, and other evidence, such as teaching materials, etc., can be examined. While we acknowledge that a videotape could be helpful to the investigation, it is by no means critical to such an investigation. We therefore conclude that the issuance of the injunction requested by Evens would not prevent the Board and District from executing their duties as mandated by the Education Code.

[3]We encourage the California Legislature to amend the statute to clarify the exclusion issue. We also express no opinion concerning the application of present Section 51512 to criminal proceedings.

## IV. DISPOSITION

The petition for writ of mandate is denied. The temporary stay is vacated. Real parties to recover the costs of this petition.

Nott, J., and Zebrowski, J., concurred.

A petition for a rehearing was denied January 14, 2000, and petitioners' application for review by the Supreme Court was denied March 22, 2000.